## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| CASEY CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:20-cv-00638-P |
| | § | |
| WILLIAM P BARR et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Reconsider Dismissal and Motion to Proceed Without Local Counsel. ECF No. 10. Having reviewed the Motion, related briefing, case filings, and docket entries, the Court finds that both requests in the Motion should be and are hereby **DENIED.**

Plaintiff Casey Campbell has failed to abide by Local Rule 83.10(a), requiring the appearance of local counsel where counsel of record for a party does not reside in this district. N.D. Tex. R. 83.10(a). "Local counsel" means a member of the bar of this court who resides or maintain their principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the Fort Worth Division. *Id.*; *see United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1-2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel).

Plaintiff was notified on June 19, 2020, to comply with Local Rule 83.10 within fourteen days or risk the possible dismissal of this case without prejudice or without further

notice. ECF No. 7. In the forty-five (45) days subsequent to this notification, Plaintiff failed to obtain local counsel or file a motion for leave to proceed without local counsel. As a result, the Court dismissed this case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] ECF No. 8.

Twenty-eight (28) days after dismissal, Plaintiff filed the instant Motion. Yet as of the date of this Order, Plaintiff has still failed to obtain local counsel in accordance with Local Rule 83.10. Plaintiff instead argues that since Plaintiff's counsel has been barred in the Northern District of Texas, Plaintiff's counsel has "never been required by any judge in the Northern District of Texas to hire local counsel." ECF No. 11. The Court finds this argument unpersuasive.

Accordingly, Plaintiff's Motion to Reconsider Dismissal and Motion to Proceed Without Local Counsel should be and hereby is **DENIED.**

**SO ORDERED** on this **2nd day** of **September, 2020**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)).